## MARIA SULLIVAN *vs.* STEPHEN W. WATERMAN.

### PROVIDENCE—JANUARY 24, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A declaration which alleges that apartments hired from the plaintiff for lodg-
ing-rooms were used by the defendant for immoral purposes, whereby the
plaintiff was damaged, states a good cause of action.

A wrong which arises from the unreasonable or unlawful use by a person of his
own premises, working an obstruction of or injury to the right of another, is
a nuisance.

It is not necessary that the declaration in terms allege that the acts complained
of constituted a nuisance, if the acts amount to a nuisance in fact and in law ;
such an averment would simply be the statement of a conclusion of law.

Where there is a material injury resulting from the violation of a legal right,
damage is implied.

One who wrongfully injures the good name of a boarding-house, lodging-house,
hotel, or other place of entertainment is guilty of a tortious act which the law
will redress in damages.

If it be essential to one's defence that he have more particular information of the
matters for which he is to be put on trial than is contained in the declaration,
the court will order such information to be furnished to him.

TRESPASS ON THE CASE for damages alleged to have been
caused by the use for immoral purposes of apartments

hired by the defendant from the plaintiff for lodging-rooms. Heard on demurrer to the declaration.

TILLINGHAST, J.   The plaintiff complains, in an action of trespass on the case, that the defendant, who hired certain rooms in her house, so misbehaved himself, while in the occupancy of said rooms, as to injure the plaintiff in her business and in the good name, credit, and reputation of her house.   The declaration sets out, in substance, that the plaintiff is, and for a long time before the grievances complained of was, the owner of a certain dwelling-house, in which she lives, in the city of Providence, and where she was engaged in keeping a lodging-house for hire and profit; that the defendant hired certain rooms of her in said house for the purpose of using the same in a reasonable and proper manner, and was, at the time when the grievances complained of were committed, in the possession thereof; that, contriving and intending to hurt and injure the good name and credit of said house, the defendant grossly misbehaved himself therein in this, that upon the 10th day of May, 1897, in the night-time, and upon divers other nights between that time and the date of plaintiff's writ, he brought or caused to come to his said rooms certain dissolute and immoral women, without the knowledge and against the will of the plaintiff, and kept said women there till a late hour in the night, in consequence whereof certain good people who had intended to take rooms in said house for hire did not take them, whereby the plaintiff suffered loss and damage.   The declaration also sets out that on the 20th day of May, 1897, in the night-time, and upon divers other nights, the defendant allowed one John Doe to use said rooms, so hired as aforesaid, for the purpose of bringing or causing to come into said rooms certain other dissolute and immoral women, without the knowledge and against the will of the plaintiff, and said women to keep in said rooms till a late hour of the night, thereby intending and contriving to injure and actually injuring the plaintiff as aforesaid.   The declaration further charges the bringing of other dissolute and immoral persons,

both male and female, to said rooms, both in the day-time and in the night-time, there to revel, drink, and carouse and commit other immoral acts, whereby the plaintiff was injured and damaged as aforesaid.

To this declaration the defendant has demurred on the ground that it does not set forth any unlawful or wrongful act of the defendant upon which an action for damages can be founded.   In support of this demurrer he contends that there is no allegation that the acts complained of constituted a nuisance, either public or private; and, further, that even if the acts complained of did constitute a nuisance, still the declaration does not state a cause of action because the plaintiff does not allege that she has suffered any "*actual specific*" damage therefrom.

We think the declaration states a cause of action.   It cannot be seriously argued that a man who hires rooms in a dwelling-house, to be used as lodging-rooms, has any right to apply them to the purposes of assignation, or to create a nuisance therein.   And that a wrong which arises from the unreasonable or unlawful uses by a person of his own premises, or from his own improper, indecent, or unlawful personal conduct working an obstruction of or injury to the right of another, is a nuisance is clear, both upon sound principles of reason and judicial authority.   See Wood on Nuisances, § 1 and cases cited.

"A nuisance," says Smith in his Manual of the Common Law, "is something done which has the effect of prejudicially and unwarrantably affecting the enjoyment of the rights of another person."   See also *Aldrich* v. *Howard*, 8 R. I. 196.   Of course it must arise from some unlawful act; for that which is lawful can never be a nuisance.   Some legal right must be violated and some material annoyance, injury, and damage must be sustained thereby.   But, where there is a material injury, damage is implied when it results from the violation of a legal right.   Wood on Nuisances, § 5 and cases cited.   The declaration in the case at bar shows the violation of a legal right.   The plaintiff had the right to the good name and fame which her house had acquired in the

community and to the income and profit which such·a reputation aided in producing.    They are elements of value in the prosecution of her business, and she is as much entitled to be protected in the enjoyment thereof as she is in the enjoyment of any other property.    The good name of a boarding-house or lodging-house, like the good name of a hotel, or other place of entertainment, is of vital importance to the success of the proprietor, and any one who wrongfully injures such good name is guilty of a tortious act which the law will redress in damages.    The declaration shows that the defendant by his misconduct has injured the good name of the plaintiff's house, and that by reason thereof she has been damaged by loss of custom and business.    In other words, it shows the commission of a wrong resulting in injury and damage ; and this being so it states a case for redress, there being in contemplation of law no wrong without a remedy.

It is true, as argued by defendant's counsel, that the declaration does not in terms allege that the acts complained of constituted a nuisance, but we do not think this is necessary so long as said acts as stated amount to a nuisance in fact and in law ; and to allege in the declaration, therefore, that they constituted a nuisance would simply be to state a conclusion of law.    The ordinary forms for declarations in actions of this sort simply set out the facts complained of, without averring that they constitute a nuisance.    See Chit. Pl. (edition of 1821) 429 et seq.; Oliv. Prec. 3 ed. 373.

We do not think the declaration is demurrable because it does not allege that the plaintiff has suffered special damage from the acts complained of.    The nuisance alleged was evidently a private one, and, so far as appears, the plaintiff was the only one who was injured thereby ; and we see no reason why, under a general claim for damages, she is not entitled to recover as a recompense for her injury such actual damages as are the natural and proximate consequence of the wrong committed.    See Sedg. Dam. 6 ed. 732–3.    If the defendant deems it essential to his defence that he should be more particularly informed of the matters for which he is to be put on trial, the court, on motion, would probably order such infor-

mation to be furnished. *Tourjee* v. *Rose*, 19 R. I. 432. The cases cited by defendant's counsel relate to public nuisances, and in such cases it is necessary for a person suing for a private injury therefrom to allege and prove special damage. *Benjamin* v. *Starr*, L. R. 9 C. P. 400 ; Cooley on Torts, 2 ed. 736–7 and cases cited.

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

*Charles M. Salisbury*, for plaintiff.

*Charles A. Wilson and Thomas A. Jenckes*, for defendant.