[No. 11239. Department Two. October 10, 1913.]

O. A. HALL *et al., Appellants,* v. MILLER R. GALLOWAY *et al., Respondents.*[1]

NUISANCE—PRIVATE NUISANCE—INJURY TO HOTEL BUSINESS—ACTIONS. An action by a husband and wife for damages to the reputation of their hotel business, through improper acts by the defendants in securing rooms for immoral purposes, is an action for a private nuisance *per se,* under Rem. & Bal. Code, §§ 943, 944, defining actionable nuisances subject to actions for damages as including whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use or enjoyment of property.

[1]Reported in 135 Pac. 478.

SAME—COMPLAINT—SUFFICIENCY. In such an action, the complaint states a cause of action when it alleges that defendants entered plaintiffs' hotel with two females whom they falsely represented to be, and registered them as, their wives, securing rooms in which they indulged in lewd and disorderly conduct, to the annoyance of other guests and to the injury of the reputation of the hotel and business of the plaintiffs.

SAME—COMPLAINT—SUFFICIENCY. In an action by a husband and wife for damages to the reputation of their hotel business through immoral acts of the defendants amounting to a private nuisance *per se*, it is error to treat the complaint as one for injury to personal character and sensibilities resulting from slander, and to require the separation of the causes of action against the husband and the wife and the community, and to eliminate evidentiary matter constituting a plain statement of the facts and matter of inducement leading up to the actual commission of the nuisance.

SAME—COMPLAINT—SPECIAL DAMAGE. In an action for damages from a private nuisance, injurious to plaintiffs' property, it is not necessary to allege special damages as in the case of the perpetration of a public nuisance.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered December 24, 1912, dismissing an action in tort, upon sustaining a demurrer to the complaint. Reversed.

*Holden & Shumate*, for appellants.

*Lee C. Delle* and *H. J. Snively*, for respondents.

ELLIS, J.—This is an action for damages, brought by the plaintiffs, O. A. Hall and Lavaunt E. Hall, husband and wife, against the defendants. The complaint sets forth, in substance, that the plaintiffs are husband and wife; that, for more than three years last past, the plaintiffs have been owners and proprietors of the Hotel Wapato, in Wapato, Washington; that the Hotel Wapato at all times therein mentioned was and is a public house for the entertainment of travelers; that the plaintiffs were compelled to receive all travelers who properly apply for admission so long as there was room for them; that the plaintiffs conducted their house in an orderly manner and that they and their hotel bore a good reputation

in the community; that, about 9 o'clock p. m., on July 13, 1911, defendant Bannerman entered the hotel, placed upon the register the names of J. E. Henderson and wife and George H. Holmes and wife, and asked for rooms, which were furnished to them; that the defendants and two females, unknown to the plaintiffs, entered the rooms and remained there for about two hours until expelled by the plaintiffs; that the defendants falsely represented themselves to be husbands of the females in question for the purpose of gaining admittance to the hotel, and were unknown to the plaintiffs; that, soon after gaining admission to the hotel, the defendants and their consorts indulged in such lewd and disorderly conduct that the plaintiffs forcibly ejected them, the other guests being disturbed thereby; that, by reason of this episode, many guests of the hotel were led to believe it a place of ill repute, and that the plaintiffs were brought into public scorn and disgrace, whereby the patronage of their hotel was decreased, and as a consequence, plaintiffs and each of them claimed to have been damaged in the sum of $5,000.

Upon a motion to strike certain parts of the complaint, a motion to separate the causes of action, and a motion to make more definite and certain, the court ordered the plaintiffs to separately state the causes of action for the defamation of Mrs. Hall and Mr. Hall respectively, arising from the defendants' conduct *per se,* and the cause of action arising to the plaintiffs jointly from defendants' conduct, coupled with the alleged special damages from a loss of customers of the hotel. The court also ordered stricken paragraph 4 of the complaint, reading as follows:

"That the plaintiffs as proprietors of said hotel were and are compelled to receive all travelers who properly apply to be admitted so long as plaintiffs had room for the accommodation of such travelers in said hotel."

The court also ordered stricken the following portion of paragraph 6:

"That on the 13th day of July, 1911, the defendant, John B. Bannerman, acting in his own behalf and for the defendant Miller R. Galloway, at about the hour of 9 o'clock p. m. entered the office of said hotel and placed upon the register commonly kept and used in said hotel for the names of the guests thereof, the hour of their arrival, and accommodations furnished, the names of J. E. Henderson and wife and George H. Holmes and wife, and requested the plaintiff, O. A. Hall, who was then in charge of said office in behalf of said plaintiffs, to furnish to the defendants and their wives, as they represented, sleeping rooms in said hotel for the coming night."

This, on the ground that it sets forth only evidence and not issuable facts. On the same ground, paragraphs 7, 8, and 9, reading as follows, were stricken:

"That the defendants immediately thereafter, in company with said females, entered said sleeping rooms and remained there for the space of about two hours when they, each and all of them were expelled from said rooms and said hotel by the plaintiffs."

"That the defendants falsely and purposely represented themselves as husbands respectively of said females, when in truth and in fact, they were unmarried, for the purpose of gaining admittance to said hotel and receiving accommodations therein for lewd, lascivious and licentious purposes, and so registered under said assumed, false and fictitious names for the purpose of hiding their identity and deceiving the plaintiffs, for the purpose hereinbefore mentioned."

"That at the time said defendants and their said consorts were admitted to said hotel and said accommodations furnished, the true names and identity of said defendants were unknown to either of the plaintiffs, and by reason of the said deceit practiced by the defendants upon the plaintiff, O. A. Hall, the plaintiffs were deceived, led to believe, and did believe, that the defendants and their said consorts were, each respectively, lawful husbands and wives, and proper and suitable persons to receive admittance to said hotel and such accommodations thereat as hereinbefore stated."

The allegation in paragraph 10 that the plaintiffs forcibly ejected the defendants was stricken, but the remainder of that

paragraph stood. The court also ordered, on motion to make more specific, that the plaintiffs set out the names of the guests and the names of others who were led to believe the house one of ill repute and also the amount of damages actually sustained by reason thereof. The court based this order on the ground that the alleged misconduct was not actionable *per se*, and that, in order to be actionable, it must result in actual loss to the plaintiffs, and that the rule in slander cases denying damages for repetitions of the slander apply here, and that the guests at that time must be the ones who withdraw their patronage to the extent of causing loss, and that their names must be set forth.

Attempting compliance with these orders, the plaintiffs filed their amended complaint, which was ordered stricken for the reason that it did not set forth the names of the guests and others whose patronage was lost by reason of the alleged actions of the defendants. Thereupon the plaintiffs filed a second amended complaint, to which a demurrer was sustained on the ground that it did not state facts sufficient to constitute a cause of action and that several causes of action were improperly united. This complaint alleged, in substance, that the plaintiffs are husband and wife, and owners and proprietors of the Hotel Wapato, which is their residence; that the hotel was a place of public entertainment conducted by the plaintiffs in a decent and orderly manner, whereby the plaintiffs bore a good reputation in the community; that on July 13,

"The defendants, accompanied by two female persons, not the wives of the said defendants or either of them, and with intent to use said hotel for immoral, lewd and lascivious purposes and as a house of assignation, secured sleeping rooms in said hotel and occupied the same; that the said defendants occupied separate rooms and that each of said defendants was accompanied to their said rooms by one of the said female persons.

"That immediately after gaining admission to said hotel and the occupancy of said rooms, the defendants and their

said female consorts, and each of them, indulged in lascivious
and licentious conduct and used loud, boisterous and indecent
language in the presence and within the hearing of the plain-
tiff, Lavaunt E. Hall, and within the hearing and in the
presence of divers other persons who were then guests in said
hotel, and to the great annoyance and disgrace and humilia-
tion of the plaintiff Lavaunt E. Hall.

"That by reason of said lascivious and licentious conduct
and by reason of the lewd, boisterous, indecent and filthy
language used in the presence and hearing of divers other
persons who were then the guests of the said hotel, the plain-
tiff, Lavaunt E. Hall, has been held up to public scorn, ridi-
cule and disgrace, that she has suffered mental anguish and
humiliation by reason of said conduct and has been damaged
in the sum of $1,500."

The second and third causes of action were identical in their
statements except that in the second O. A. Hall was mem-
tioned as the plaintiff thus injured. In the third cause of
action, the conduct of the defendants is described as being
"to the great annoyance of the said guests," and in this count,
the damages are laid in the sum of $2,000. Plaintiffs season-
ably took exceptions to the rulings of the court throughout,
and now appeal from the judgment of dismissal.

The trial court, in sustaining the demurrer, held, in effect,
that the law making certain words actionable *per se* is an ex-
ception to the general principles of the law of torts, and that
such an exception should not prevail where the action is
founded on slanderous conduct rather than slanderous words.

The trial court, in granting the several motions above re-
ferred to, and in sustaining the demurrer to the complaint in
its final form, dropped into a fundamental error which seems to
have colored his view of the case throughout. This error con-
sisted in a confusion of the law as to acts illegal in their
nature, constituting a private nuisance injurious to the prop-
erty of the plaintiffs as a community, with the rules of law
relating to words spoken of individuals constituting slander,
which is essentially a wrong personal to the individual slan-
dered. While it is true that the two things in their nature

partake somewhat of the same character, they are different in that the ultimate ground of recovery in the one case is for an injury to the property right alone, while in the other, damages allowed are for an injury to personal character and the injury to the sensibilities resulting from the slanderous words. The one is, of course, an injury to all persons interested in the property affected by the illegal acts. The other is an injury only to the person of whom the slanderous words are spoken. As we view the original complaint, it stated every fact necessary to the allegation of the perpetration by the defendants of a private nuisance actionable *per se* in favor of the person whose property was injuriously affected. The statute, Rem. & Bal. Code, § 943 (P. C. 81 § 1557), in defining actionable nuisances, included whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of life and property, and declares the same the subject of an action for damages and also for other and further relief. Section 944 (P. C. 81 § 1559), specifically declares that any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance may maintain the action. While the original complaint was inartificial in form, it stated every fact essential to a cause of action for a private nuisance so defined.

The matter stricken from the original complaint was, it is true, in a strict sense, merely evidentiary, but it was also a proper part of the complaint as a matter of inducement leading up to the actual commission of the actionable nuisance. It was a proper part of a statement of the facts in a plain, narrative form.

The motion to separate the causes of action as to the husband and wife, when what we conceive to be the true nature of the action is considered, was improperly sustained on the theory that actions for slander, being of a personal nature, cannot be united. The respondent cites, in support of the court's action in this particular, *Gazynski v. Colburn,* 11

Cush. 10. That case clearly recognizes the distinction which we have drawn. The court said:

"It has always been held that when words are spoken of two or more persons, they cannot join in an action for the *words*, because the wrong done to one is no wrong to the other. The case of husband and wife is not an exception to this rule. *The exceptions to it are the case of words spoken of partners in the way of their trade, and the case of slander of the title of joint owners of land.*"

The words which we have italicized make it plain that that decision rested upon the fact that the cause of action was spoken words and that the same rule would not apply had it related to either words or actions causing injury to property held in a joint or common right by the plaintiffs.

By the granting of these motions, the court forced the reduction of the complaint to a demurrable form and substance by making it state the facts in such a manner as to apply only to an offense personal to the plaintiffs as separate individuals, rather than that originally stated as an actionable private nuisance reasonably calculated to injure the plaintiffs as a community in their common property.

The supreme court of Rhode Island, in overruling a demurrer, interposed on the same grounds as that here involved, to a complaint in which the facts stated were closely analogous to those stated in the original complaint here in every essential particular, used language which is pertinent to every phase of this case as here presented. It is there said:

"The declaration in the case at bar shows the violation of a legal right. The plaintiff had the right to the good name and fame which her house had acquired in the community, and to the income and profit which such a reputation aided in procuring. They are elements of value in the prosecution of her business, and she is as much entitled to be protected in the enjoyment thereof as she is in the enjoyment of any other property. The good name of a boarding house or lodging house, like the good name of an hotel, or other place of entertainment, is of vital importance to the success of the proprietor, and any one who wrongfully injures such good

name is guilty of a tortious act which the law will redress in damages. The declaration shows that the defendant by his misconduct has injured the good name of the plaintiff's house, and that by reason thereof she has been damaged by the loss of custom and business. In other words, it shows the commission of a wrong resulting in injury and damage; and, this being so, it states a case for redress, there being in contemplation of law no wrong without a remedy. It is true, as argued by defendant's counsel, that the declaration does not in terms allege that the acts complained of constituted a nuisance, but we do not think that this is necessary so long as said acts as stated amount to a nuisance in fact and in law; and to allege in the declaration, therefore, that they constituted a nuisance would simply be to state a conclusion of law. The ordinary forms for declarations in actions of this sort simply set out the acts complained of, without averring that they constitute a nuisance. See Chit. Pl. (edition of 1821) 429 *et seq.*; Oliv. Prec. 3 ed. 373. We do not think the plaintiff has suffered special damage from the acts complained of. The nuisance alleged was evidently a private one, and, so far as appears, the plaintiff was the only one who was injured thereby; and we see no reason why, under a general claim for damages, she is not entitled to recover, as a recompense for her injury, such actual damages as are the natural and proximate consequence of the wrong committed. See Sedg. Dam. 6 ed. 732-3. If the defendant deems it essential to his defense that he should be more particularly informed of the matters for which he is to be put on trial, the court, on motion, would probably order such information to be furnished. *Tourgee v. Rose*, 19 R. I. 432. The cases cited by defendant's counsel relate to public nuisances, and in such cases it is necessary for a person suing for a private injury therefrom to allege and prove special damage." *Sullivan v. Waterman*, 20 R. I. 372, 39 Atl. 243, 39 L. R. A. 773.

This case being an action for damages for the perpetration of a private nuisance injurious to the plaintiffs' property, the complaint was not demurrable because of its failure to allege the specific items of damage claimed, as would have been the case had the action been by a private person for special damages sustained by reason of the perpetration of a public nuisance. We think the original complaint suffi-

ciently stated a cause of action to put the defendants to their answer on the merits. It may be difficult to show damages more than nominal, but the plaintiffs are entitled to make the attempt.

The judgment is reversed, and the cause is remanded for further proceeding in accordance with the views herein expressed.

CROW, C. J., MAIN, and MORRIS, JJ., concur.